CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
mark@potterhandy.com
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
Tel: (858) 375-7385
Fax: (888) 422-5191

Michelle Uzeta, Esq., SBN 164402
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Tel: (858) 375-7385

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Carlos Marsh,** | Case No. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For Violations Of:** |
| v. | |
| **Antelope Valley Transit Authority, a governmental entity; Transdev Services, Inc.;** and Does 1-10, Inclusive, | 1. Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.; |
| Defendants. | 2. Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; |
| | 3. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq.; |
| | 4. Cal. Gov't Code § 11135 et seq.; |
| | 5. California's Unruh Civil Rights Act, Cal. Civ. Code 51 et seq.; |
| | 6. California's Disabled Persons Act, Cal. Civ. Code § 54.1 et seq.; and |
| | 7. Negligence |

1

**INTRODUCTION**

1.    Plaintiff Carlos Marsh ("Plaintiff") brings the above-entitled action because he has been and will continue to be denied safe and nondiscriminatory access to transportation operated by Defendants Antelope Valley Transit Authority ("AVTA"), Transdev Services, Inc. ("Transdev") and Does 1-10, Inclusive, (collectively "Defendants") as a result of the acts and omissions alleged herein.

2.    AVTA and Transdev have failed to comply with their obligations to reasonably accommodate Plaintiff, an individual with disabilities who uses Defendants' transportation services, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 et seq.; the Department of Transportation's ADA and Section 504 regulations, 49 C.F.R. § Parts 37 and 27, respectively; and related California civil rights laws.

3.    Specifically, Defendants have failed to accommodate Plaintiff by providing him with assistance, as needed, to navigate the ramp necessary to board and disembark their buses in his manual wheelchair.

4.    As the result of the discriminatory acts and omissions of Defendants, described herein, Plaintiff has been denied full and equal access to Defendants' programs, services and activities, and has been caused to experience difficulty, distress, discomfort, embarrassment, frustration and inconvenience.

5.    Through this lawsuit, Plaintiff seeks an injunction requiring that Defendants make their programs, services and activities readily accessible to and useable by individuals who use wheelchairs, as required by law, compensation for his injuries, payment of his attorneys' fees and reimbursement of the costs and litigation expenses necessary to enforce his civil rights.

**PARTIES**

5.      Plaintiff Carlos Marsh is, and at all times relevant herein was, a California resident with physical disabilities. Plaintiff has paraplegia and uses a manual wheelchair for mobility. Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" and person with a "physical disability" as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 36.104; 49 C.F.R. § 37.3), and California law. Cal. Gov. Code § 12926.

6.      Defendant Antelope Valley Transit Authority is a governmental entity created on or about July 1, 1992, pursuant to California Government Code section 6506 organized and operating under a Joint Exercise of Powers Agreement (entered into by the County of Los Angeles and the cities of Lancaster and Palmdale) and the laws of the State of California, with a principal place of business and bus facility located at 42210 6th Street West, Lancaster, California.

7.      Defendant Transdev Services, Inc. is the largest private sector provider of multiple modes of transportation in North America including bus, bus rapid transit, light rail, commuter rail, streetcars, paratransit, shuttle, and taxi services. Transdev's Transit Division operates some of the largest and most sophisticated bus networks and complex paratransit systems in the United States and Canada, including Phoenix, Denver, San Diego, Los Angeles, Atlanta, Baltimore, Washington, DC, Montreal and Toronto.

8.      Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

9.      Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee,

joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

10.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA and Section 504.

11.    Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including, California Government Code section 11135 et seq.; the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. and the Disabled Persons Act, Cal. Civ. Code § 54.1 et seq., all of which expressly incorporate the ADA. Cal. Gov't Code § 11135(b); Cal. Civ. Code §§ 51(f), 54.1(d).

12.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

13.    AVTA is the transit agency serving the cities of Palmdale, Lancaster and Northern Los Angeles County.

14.    Transdev provides fixed route and commuter bus operations under contract(s) with AVTA.

15.    AVTA "operates" a "fixed route system", as contemplated by the ADA, 42 U.S.C. § 12141 (3) and (4).

16.    Transdev "operates" a "fixed route system", as contemplated by the ADA, 42 U.S.C. § 12141 (3) and (4).

17.    Plaintiff lives in Palmdale.

18.    Plaintiff does not drive and relies on public transportation to get around in the community.

19.    Plaintiff regularly uses the transit services operated by Transdev pursuant to its contract with AVTA.

20.    Due to his disabilities, Plaintiff requires assistance navigating the entry ramp required to board and disembark Defendants' transit vehicles in his wheelchair.

21.    Plaintiff has repeatedly asked Defendants' transit drivers for assistance navigating the vehicle ramps, but has been told by the drivers that they cannot and/or will not assist him.

22.    Defendants have told Plaintiff that it is Defendants' policy not to assist disabled riders in using the vehicle ramps.

23.    It is Defendants' policy not to assist disabled riders in using the vehicle ramps.

24.    Plaintiff has been denied assistance using the entry ramps for Defendants' transit vehicles on at least thirteen (13) occasions in the months preceding the filing of Plaintiff's government claim and the instant Complaint:

        a.    On July 14, 2016 at approximately 12:30-1 pm, Plaintiff was seeking to board westbound bus 4353, Route 2. The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for

assistance utilizing the ramp to board the bus, but the driver told Plaintiff that he would not assist him. Plaintiff was able to board the bus on his own, but experienced difficulty, distress and embarrassment in so doing.

b. On July 21, 2016 at approximately 10:45 am, Plaintiff was at the bus stop at the intersection of Palmdale and 35th Street waiting to take Route 1, Bus 4364. The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver told Plaintiff that he would not assist him. Plaintiff was unable to board the bus without assistance utilizing the ramp, so the driver retracted the ramp and drove off, leaving Plaintiff behind.

c. On July 23, 2016 at approximately 9:10 am, Plaintiff was at the bus stop at the intersection of Avenue R and 35th Street waiting to take Route 2, Bus 4341. The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver told Plaintiff that he was "not allowed" to assist because of potential liability for injury. An older gentleman who was on the bus got up and helped Plaintiff board the bus using the ramp.

d. On July 25, 2016 at approximately 10:10 am, Plaintiff was at the bus stop at the intersection of Avenue R and 35th Street waiting to take Route 2, Bus 4347. The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver told Plaintiff that it was not her job to assist him with the ramp and that she couldn't help. Plaintiff was unable to board the bus

Complaint

without assistance utilizing the ramp, so the driver retracted the ramp and drove off, leaving Plaintiff behind.

e.  On August 1, 2016 at approximately 11:30 am, Plaintiff was at the bus stop at the intersection of 35th Street and Avenue R waiting to take Route 2, Bus 3334. The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver would not assist him. Plaintiff was unable to board the bus without assistance and had to rely on another passenger to help him board the bus.

f.  On August 2, 2016 at approximately 4:00 pm, Plaintiff was at the bus stop at the Palmdale Amtrak Station waiting to take Route 1, Bus 4365. The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver would not assist him. The driver asked passengers if they would assist Plaintiff. Plaintiff was embarrassed and declined assistance.  Plaintiff was unable to board the bus and was left behind.

g.  On August 2, 2016 at approximately 6:45 am, Plaintiff was at the bus stop at the intersection of 35th Street and Avenue R waiting to take Route 2, Bus 4372.  The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver would not assist him.  Plaintiff was on his way to catch an Amtrak train and was afraid he would miss the train, he yelled to get help from another passenger in boarding the bus.

7

Complaint

h.  On August 4, 2016 at approximately 11:15 am, Plaintiff was at the bus stop at the intersection of Palmdale and 35th Street waiting to take Route 1, Bus 4367.  The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver refused to help. The driver told Plaintiff to ask one of the other passengers for assistance.  Another passenger assisted Plaintiff in boarding the bus.

i.  On August 4, 2016 at approximately 4:10 pm, Plaintiff was at the bus stop near Lancaster City Park waiting to take Route 4, Bus 4368.  The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver refused to help. Another passenger assisted Plaintiff in boarding the bus.

j.  On August 5, 2016 at approximately 8:40 am, Plaintiff was at the bus stop at the intersection of 35th Street and Avenue R waiting to take Route 2, Bus 4347.  The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver refused to help. Another passenger, approximately 9 years of age, assisted Plaintiff in boarding the bus.

k.  On August 5, 2016 at approximately 5:49 pm Plaintiff was at the bus stop at the Palmdale Amtrak Station waiting to take Route #3, Bus 3332. The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver ignored his request for help. Plaintiff had to rely on another passenger to assist him in boarding the bus.

Complaint

l.  On August 5, 2016 at approximately 6:05 pm, Plaintiff was at the bus stop near Lancaster City Park waiting to take Route 2, Bus 4356.  The bus arrived and the driver deployed the ramp. Plaintiff asked the driver for assistance utilizing the ramp to board the bus, but the driver refused to help, stating that she could not touch Plaintiff's wheelchair.  Plaintiff asked another passenger to assist him and the passenger made an offensive comment about Plaintiff's needing to "eat his Wheaties" so he could push himself up the ramp.  Plaintiff was humiliated.

m.  On August 9, 2016 at approximately 6:30 am, Plaintiff was at the bus stop at the intersection of Avenue R and 30th Street waiting to take Route 2, Bus 4339. The bus arrived and the driver deployed the ramp. Plaintiff asked the male driver for assistance utilizing the ramp to board the bus, but the driver would not assist him. Plaintiff was forced to ask a woman who was at the scene to push him into the vehicle and she kindly obliged.

25.  Plaintiff lodged a formal complaint with AVTA regarding each of the incidents described above.

26.  During July and August 2016, Plaintiff spoke to many individuals at AVTA and Transdev regarding his complaints.  The persons Plaintiff interacted with included: Amy Frohardt, AVTA Customer Service Representative; Tisha Lanier, AVTA Customer Service Representative; Carlos Lopez, AVTA Customer Service Supervisor; and William Jackson, Safety and Training Supervisor – AVTA, Transdev Transportation.  Each one of these individuals confirmed to Mr. Marsh that it was Defendants' policy that transit drivers were not allowed to assist riders with disabilities in using ramps to board or disembark AVTA vehicles.

Complaint

27.　At all times relevant herein it has been Defendants policy that transit drivers not assist persons in wheelchairs in using vehicle ramps.

28.　At all times relevant herein, the training provided to Defendants' transit drivers did not include an instruction or directive that transit drivers assist persons in wheelchairs in using vehicle ramps.

29.　Despite his multiple contacts with and complaints to AVTA, Plaintiff has continued to be denied assistance by Defendants' transit drivers in utilizing vehicle ramps, and has significantly curbed his use of the service and his travel in the community as a result.

30.　The refusal of Defendants' transit drivers to provide requested assistance to Plaintiff in utilizing transit vehicle ramps has caused Plaintiff to experience difficulty, distress, physical discomfort, embarrassment, frustration and inconvenience.

31.　Plaintiff plans to use Defendants' transit services in the future, as he relies heavily on public transportation to get around in the community for things like shopping, doctor's appointments and appointments with governmental agencies.  Until Defendants take action to ensure that their drivers will not discriminate against riders who use wheelchairs by refusing to provide them with assistance using transit vehicle ramps, Plaintiff will continue to be denied full and equal access to Defendants' transportation programs, services and activities and will suffer damages as a result.

32.　The nature of Defendants' discrimination constitutes an ongoing violation of Plaintiff's rights, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other similarly situated persons.

Complaint

**GOVERNMENT CLAIMS FILED**

34.   Plaintiff timely filed government claims pursuant to § 910 et seq. of the California Government Code with AVTA regarding each of the above-mentioned incidents.  Claims were filed on August 2, 2016 for the July 21, 23 and 25 incidents.  Claims were filed on August 8, 2016 for the August 1, 2, 4 and 5 incidents.  A claim was filed on August 15, 2016 for the August 9 incident.  Plaintiff's claims were not responded to, and have therefore been denied as a matter of law.

**CLAIMS FOR RELIEF**
**First Cause of Action**
**Title II of the Americans with Disabilities Act**
**42 U.S.C. §12132 et seq.**
***(Against Defendant AVTA)***

35.   Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

36.   Title II of the ADA prohibits a public entity from excluding a person with a disability from participating in, or denying the benefits of, the goods, services, programs and activities of the entity or otherwise discriminating against a person on the basis of disability. 42 U.S.C. § 12132.

37.   "Public entities" subject to the provisions of Title II include "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. §12131(1)(B).

38.   AVTA is a "public entity" pursuant to 42 U.S.C. §12131(1)(B).

39.   AVTA's transit services are a program, service or activity AVTA offers to members of the public and provides throughout the cities of Lancaster and Palmdale through a contract with Transdev.

Complaint

40.     As a member of the public, Plaintiff is qualified to utilize AVTA's transit services.

41.     AVTA is a public entity that provides "designated public transportation", as that term is defined by Department of Transportation ("DOT") regulations.  49 C.F.R. § 37.3.  Accordingly, AVTA is subject to the DOT's ADA regulations.  49 C.F.R. § 37.21 (a)(1).

42.     Section 37.23(a) of the DOT's ADA regulations states: "When a public entity enters into a contractual or other arrangement or relationship with a private entity to operate fixed route or demand responsive service, the public entity shall ensure that the private entity meets the requirements of this part that would apply to the public entity if the public entity itself provided the service."

43.     Section 37.5(i)(2)of the DOT's ADA regulations states "[p]ublic entities that provide designated public transportation shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability or to provide program accessibility to their services...."

44.     Section 37.165(f) of the DOT's ADA regulations states: "Where necessary or upon request, the entity's personnel shall assist individuals with disabilities with the use of securement systems, ramps and lifts." 49 C.F.R. § 37.165(f).

45.     Appendix D to 49 C.F.R. § Pt. 37, the "definitive guidance concerning the meaning and implementation of" 49 C.F.R. § 37.165(f), states that "[o]n a vehicle which uses a ramp for entry, the driver may have to assist in pushing a manual wheelchair up the ramp (particularly where the ramp slope is relatively steep). All these actions may involve a driver leaving his seat. Even in entities whose drivers traditionally do not leave their seats (e.g., because of labor-management agreements or company rules), this

assistance must be provided. This rule overrides any requirements to the contrary." 49 C.F.R. § Pt. 37, App. D.

46.   In acting as herein alleged, AVTA has violated the ADA and its implementing regulations directly and/or through its contractor Transdev. AVTA's discriminatory conduct includes, inter alia:

     a. Refusing to assist Plaintiff in using transit vehicle entry ramps; and/or

     b. Refusing Plaintiff services because of his disability-related need for assistance using the transit vehicle entry ramp.

47.   AVTA's duties under the ADA are mandatory and long-established. AVTA is deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties as herein alleged was willful and knowing and/or the product of deliberate indifference.

48.   Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

**Second Cause of Action**
**Title III of the Americans with Disabilities Act**
**42 U.S.C. §12181 *et seq*.**
***(Against Defendant Transdev)***

49.   Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

50.   Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and

Complaint

whose operations affect commerce." 42 U.S.C. § 12184(a).

51.  Discrimination, for purposes of Section 12184(a) includes a failure "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford [their] goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the[y] can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."   42 U.S.C. § 12184(b)(2)(A) (incorporating by reference 42 U.S.C. § 12182(b)(2)(A)(ii)).

52.  Transdev is subject to Title III of the ADA because it is a private entity that provides specified public transportation, as defined in 42 U.S.C. § 12181(10), is primarily engaged in the business of transporting people, and it's operations affect commerce. 42 U.S.C. § 12184.

53.  As a private entity that provides "specified public transportation", as that term is defined by DOT regulations, 49 C.F.R. § 37.3, Transdev is subject to the DOT's ADA regulations.  49 C.F.R. § 37.21 (a)(1).  This includes Section 37.165(f) and Appendix D to 49 C.F.R. § Pt. 37, both of which are discussed <u>supra</u>.

54.  In acting as herein alleged, Transdev has violated the ADA and its implementing regulations. Transdev's discriminatory conduct includes, <u>inter alia</u>:

      a.  Refusing to assist Plaintiff in using transit vehicle entry ramps; and/or

      b.  Refusing Plaintiff services because of his disability-related need for assistance using the transit vehicle entry ramp.

55.  Transdev's duties under the ADA are mandatory and long-established. Transdev is deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties as herein alleged was

willful and knowing and/or the product of deliberate indifference.

56.    Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## Third Cause of Action
### Section 504 of the Rehabilitation Act of 1973
### 29 U.S.C. § 794
### *(Against Defendant AVTA)*

57.    Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

58.    Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a).

59.    AVTA is a recipient of federal financial assistance from the DOT, including but not limited to Federal Transit Administration capital allocations. As such, AVTA is subject to the DOT's regulations, promulgated pursuant to Section 504. 49 C.F.R. § 27.3. The DOT's Section 504 regulations prohibit discrimination under any program or activity that receives Federal financial assistance administered by the Department of Transportation.

60.    A failure to comply with the DOT's ADA regulations (49 CFR Parts 37) violates the DOT's Section 504 regulations. 49 C.F.R. § 27.19(a).

Complaint

61.   AVTA's acts and omissions as herein alleged have violated Section 504 and it's implementing DOT regulations by, among other things, violating the DOT's ADA regulations. Claim 1, <u>supra</u>.

62.   AVTA's duties under Section 504 are mandatory and long-established. AVTA is deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

63.   Pursuant to 29 U.S.C. § 794a, Plaintiff prays for judgment as set forth below.

**Fourth Cause of Action**
**California Government Codes §11135 <u>et seq</u>.**
***(Against Defendant AVTA)***

64.   Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

65.   Section 11135 of the California Government Code provides: "No person in the State of California shall, on the basis of... disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state." Cal. Gov't Code § 11135(a).

66.   Section 11135 incorporates by reference the protections and prohibitions of Title II of the ADA. Cal. Gov't Code § 11135(b).

67.   On information and belief, AVTA receives financial assistance from the State of California, including, but not limited to Proposition 1B state funds. Accordingly, AVTA is subject to Section 11135. 1.

Complaint

68.   In acting as herein alleged, AVTA has unlawfully denied Plaintiff the benefits of the programs and activities offered through its fixed route bus service in violation of Cal. Gov't Code § 11135.

69.   AVTA's duties under Section 11135 are mandatory and long-established. AVTA is deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

70.   Pursuant to the remedies, procedures, and rights set forth in Cal. Gov't. Code § 11139, Plaintiff prays for judgment as set forth below.

**Fifth Cause of Action**

**Unruh Civil Rights Act**

**California Civil Code § 51 et seq.**

***(Against All Defendants)***

71.   Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

72.   Defendants are business establishments and, as such, must comply with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

73.   The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code § 51(b).

74.   A violation of the ADA is also a violation of the Unruh Act.  Cal. Civ. Code § 51(f).

75.     Defendants' acts and omissions as herein alleged have violated the Unruh Act by, among other things, violating the ADA. Claim 1, <u>supra</u>.

76.     Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as herein alleged was willful and knowing and/or the product of deliberate indifference.

77.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**Sixth Cause of Action**
**California Disabled Persons Act**
**California Civil Code § 54.1** *et seq.*
*(Against All Defendants)*

78.     Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

79.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including ... motor vehicles, ... motorbuses, streetcars, ... or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), ... and other places to which the general public is invited ...." Cal. Civ. Code § 54.1(a).

80.     A violation of the ADA is also a violation of the CDPA.  See Cal. Civ. Code, § 54.1(d).

18

Complaint

81.     Defendants' acts and omissions as herein alleged have violated the CDPA by, among other things, violating the ADA. Claim 1, <u>supra</u>.

82.     Defendants' duties under the DPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as herein alleged was willful and knowing and/or the product of deliberate indifference.

83.     Pursuant to the remedies, procedures, and rights set forth in Civ. Code § 54.3(a) and Cal. Civ. Code § 55, Plaintiff prays for judgment as set forth below.

**Seventh Cause of Action**

**Negligence**

***(Against All Defendants)***

84.     Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

85.     Defendants are in the business of transporting members of the public from one place to another for a fee through its fixed route bus service. Defendants are "common carriers", as that term is defined by California law. Cal. Civ. Code § 2168.

86.     As common carriers, Defendants are required to exercise the utmost care and diligence with respect to its passengers, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill. Cal. Civ. Code § 2100. Furthermore, when carriers like Defendants voluntarily accept a disabled person as a passenger and are aware of the passenger's condition, they must exercise as much care as is reasonably necessary to ensure the safety of the passenger, in view of his

Complaint

physical condition. <u>McBride v. Atchison, Topeka & Santa Fe Ry. Co.</u> (1955) 44 Cal.2d 113, 119–120 [279 P.2d 966].

87.   As described above, Defendants breached their duty as common carriers by:

    a.   Refusing to assist Plaintiff in using transit vehicle entry ramps; and/or

    b.   Refusing Plaintiff services because of his disability-related need for assistance using the transit vehicle entry ramp.

88.   In so doing, Defendants failed to exercise the care reasonably necessary to ensure Plaintiff's safety. Defendants' breach was and is a substantial factor in causing Plaintiff's injuries and damages.

89.   Defendants also have duties to Plaintiff arising under the ADA, Section 504, California Government Code section 11135, the Unruh Act and DPA to provide safe and accessible facilities, programs, services and activities to Plaintiff. In acting as alleged herein, Defendants also breached these duties. Defendants' breach was and is a substantial factor in causing Plaintiff's damages.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1.   Issue an injunction pursuant the ADA, Section 504 and the Unruh Act ordering Defendants to:

    a.   Modify their policies and contracts to ensure that individuals with disabilities are:

        i.   Provided assistance in using transit vehicle entry ramps; and

Complaint

ii. Not denied services because of a disability-related need for assistance using the transit vehicle entry ramps;

b. Train transit drivers and other relevant personnel regarding the policy modifications described in (a) above; and

c. Notify the public, through the AVTA and Transdev websites, of the policy modifications described in (a) above.

2. Award Plaintiff special, general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Dated: December 16, 2016          CENTER FOR DISABILITY ACCESS

By: _Michelle Uzeta_
Michelle Uzeta
Attorneys for Plaintiff

21

Complaint