CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
mark@potterhandy.com
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
Tel: (858) 375-7385
Fax: (888) 422-5191

Michelle Uzeta, Esq., SBN 164402
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Tel: (858) 375-7385

Attorneys for Plaintiff, Carlos Marsh

*(Additional counsel listed on next page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Carlos Marsh,** | Case No.: 2:16−cv−09376−PSG−JEM |
| Plaintiff, | **Joint Report of the Parties Pursuant to Fed. R. Civ. P. 26** |
| v. | Scheduling Conference: |
| **Antelope Valley Transit Authority, a governmental entity; Transdev Services, Inc.;** and Does 1-10, Inclusive, | Date:     June 5, 2017<br>Time:     2:00 p. m. |
| Defendants. | Location:   First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A |

1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   DANA ALDEN FOX, SB# 119761
2  E-Mail: Dana.Fox@lewisbrisbois.com
   KELSEY FISHER, SB# 303314
3  E-Mail: Kelsey.Fisher@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6
   Attorneys for Defendants, ANTELOPE
7  VALLEY TRANSIT AUTHORITY and TRANSDEV SERVICES, INC.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4840-6544-6728.1                           2

**TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:**

Pursuant to Fed. R. Civ. Proc. 26(f), Local Rule 26-1 and the Order Setting Scheduling Conference filed February 24, 2017, the parties submit the following Joint Report.

**I.   NATURE AND BASIS OF CLAIMS AND DEFENSES**

Plaintiff Carlos Marsh ("Plaintiff") is an individual with physical disabilities. Plaintiff has paraplegia and uses a manual wheelchair for mobility. Plaintiff brings this lawsuit alleging that he has been denied safe and nondiscriminatory access to transportation operated by Defendants Antelope Valley Transit Authority ("AVTA") and Transdev Services, Inc. ("Transdev"). Specifically, Plaintiff alleges that Defendants failed and refused to provide him with assistance navigating the ramp necessary to board and disembark their buses in his manual wheelchair on at least 12 separate occasions during July and August 2016, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 et seq.; the Department of Transportation's ADA and Section 504 regulations, 49 C.F.R. § Parts 37 and 27, respectively; and related California civil rights laws. These laws require that where necessary or upon request, transit drivers shall assist individuals with disabilities with the use of securement systems, ramps and lifts. See 49 C.F.R. § 37.165(f). Plaintiff further alleges that it was Defendants' policy not to provide wheelchair users with assistance utilizing vehicle ramps. Through his lawsuit, Plaintiff seeks injunctive relief, damages and statutory penalties.

Defendants deny that they violated any of the statues at issue and that Plaintiff is entitled to any relief whatsoever. Defendants had, and

maintained, a policy consistent with all applicable access statues.

## II. SUBJECT MATTER JURISDICTION

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because they are related to Plaintiff's federal claims and arise out of a common nucleus of operative facts.

Supplemental jurisdiction is appropriate over Plaintiff's state-law claims until Plaintiff's ADA and Rehabilitation Act claims are mooted at which time they should be dismissed.

## III. RULE 26(f) REQUIREMENTS

**A. Rule 26(f)(3)(A) – What Changes Should Be Made in the Timing, Form, or Requirement for Disclosures Under Rule 26(A), Including a Statement of When Initial Disclosures Were Made or Will Be Made.**

The Parties would like to extend the supplemental disclosure deadline by 30 days to facilitate settlement, moving the deadline to July 17, 2017,

**B. Rule 26(f)(3)(B) – The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Particular Issues.**

The parties anticipate propounding written discovery, including document requests, interrogatory requests and requests for admission, as well as deposition discovery.

Plaintiff anticipates the need to obtain discovery regarding: (1) Defendants' policies and procedures regarding the accommodation of riders who use wheelchairs, (2) Defendants' driver training curriculum; (3) Defendants' complaint procedures; (4) Defendants' driver discipline procedures; (5) the relationship between the Defendants; (6) the incidents that are the basis of Plaintiff's complaints; and (7) Defendants' affirmative defenses.

Defendants anticipate conducting discovery regarding the allegations in Plaintiff's Complaint, including: (1) Plaintiff's claimed disability; (2) Plaintiff's use of Defendants' transit system; (3) Plaintiff's interactions with Defendants; (4) Plaintiff's claimed damages and alleged injuries; and (5) Plaintiff's litigation history, among other issues that may arise during discovery.

The parties propose that discovery be completed on or before <u>February 16, 2018</u>. The parties agree to make efforts to preserve all discoverable information. The parties do not propose conducting discovery in phases or limiting discovery to particular issues.

### C. Rule 26(f)(3)(C) – Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced.

The parties agree that any electronically stored information may be produced in tangible form in an organized manner on CDs or DVDs in readable format for standard programs for Windows-based operating systems (e.g., Microsoft Windows, Adobe Acrobat, etc.) in its native format. In addition, at the election of a party, with the consent of the other party, not to be unreasonably withheld, and considering the volume of

information to be exchanged, the producing party may elect to produce such information by printing the files as documents and Bates numbering the documents.

In any event, the parties agree to produce information in a manner such that it may be easily retrieved and identified by the receiving party and the Court.

### D. Rule 26(f)(3)(D) – Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, Including --- if the Parties Agree on a Procedure to Assert These Claims After Production --- Whether to Ask the Court to Include Their Agreement in an Order.

The parties do not anticipate any particular or non-standard issues with respect to claims of privilege that may be asserted in this action.

### E. Rule 26(f)(3)(E) – What Changes Should Be Made in the Limitations on Discovery Imposed Under These Rules or By Local Rule, and What Other Limitations Should Be Imposed.

The parties do not anticipate any particular or non-standard issues that may require modifying or limiting the federal or local discovery rules.

### F. Rule 26(f)(3)(F) – Any Other Orders That the Court Should Issue Under Rule 26(c) Or Under Rule 16(b) and (c).

The Parties anticipate executing a stipulated protective order related to Plaintiff's medical records and/or the medical records of Defendants' drivers, to the extent any such records are exchanged.

The parties do not propose that the Court issue any additional orders regarding protective orders under Rule 26(c), scheduling orders under Rule

16(b), or requirements for the pretrial conference under Rule 16(c) other than those contemplated herein.

## IV. LOCAL RULE REQUIREMENTS

### A. Complex Cases [L.R. 26-1(a)]

The Parties do not believe that this case is complex, or that it is necessary to employ the Manual for Complex Litigation or any procedures contained therein. There are no unusual legal issues presented by this case.

### B. Motion Schedule [L.R. 26-1(b)]

If the Parties are unable to reach a settlement either informally or with the assistance of a mediator, Plaintiff and Defendants intend to file Motions for Summary Judgment as to the issue of liability. The Parties propose March 5, 2018 as the deadline for filing dispositive motions (based on a May 22, 2018 trial date).

### C. Settlement [L.R. 26-1(c)]

To date, the parties have had limited settlement discussions. The parties have selected ADR PROCEDURE NO. 2 – agreeing to appear before a neutral selected from the Court's Mediation Panel, pursuant to L.R. 16-15.4.

In an attempt to avoid incurring unnecessary costs and fees in this matter, the parties agree to make a good faith effort to schedule and complete mediation on or before February 2, 2018.

### D. Trial Estimate [L.R. 26-1(d)]

The Parties' preliminary estimate required for trial is three to five (3-5) days. A jury trial is requested. The Parties propose May 7, 2018 as the

Pre-Trial Conference Date and May 22, 2018 as the Trial Date.

### E. Additional Parties [L.R. 26-1(e)]

The parties do not presently anticipate joining additional parties.

### F. Expert Witnesses [L.R. 26-1(f)]

The parties agree that the procedures and time limits as set forth in the Fed. R. Civ. P. and the Local Rules shall govern the disclosure of expert witness information and reports. As such, based on a May 22, 2018 trial date, the parties' proposed timing of disclosures under Fed. R. Civ. P. 26(a)(2) are as follows: February 23, 2018 (last day to submit Fed. R. Civ. P. 26(a)(2) identification of experts and expert reports); March 23, 2018 (last day to submit expert rebuttal reports, if any); April 13, 2018 (last day to depose experts and last day for hearing of any discovery motion).

### G. Complete List of Proposed Pretrial Dates

As indicated throughout this Joint Report, the parties propose the following pretrial dates:

1. Discovery cutoff: February 16, 2018
2. Expert witness disclosure deadline: February 23, 2018
3. Rebuttal expert witness disclosure deadline: March 23, 2018
4. Expert witness discovery/motion deadline: April 13, 2018
5. Last Day to file dispositive motions: March 5, 2018
6. Pretrial conference: May 7, 2018
7. Trial: May 22, 2018

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and

whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Respectfully submitted,

Dated:  May 25, 2017

By: /s/ Michelle Uzeta
Michelle Uzeta
Attorneys for Plaintiff

Dated:  May 25, 2017

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Kelsey Fisher
Kelsey Fisher
Attorneys for Defendant